# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

RAMON JESUS DORADO,   *

Petitioner,   *

v.   *   Civil Action No. PWG-17-3738

WARDEN MICHELLE PACHECO and   *
THE ATTORNEY GENERAL OF THE
STATE OF MARYLAND,   *

Respondents.   *

\*\*\*

## MEMORANDUM OPINION

On December 18, 2017, Ramon Jesus Dorado filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Petition challenges Dorado's 1984 conviction for two counts of murder pursuant to a guilty plea he entered in the Circuit Court for Montgomery County, and for which he is serving a life sentence. Pet. 1, ECF No. 1; *see also* State Ct. Docket 31640C, Entry No. 246.[1] Respondents filed an Answer, seeking dismissal of the Petition under 28 U.S.C. § 2244(b)(3)(A) as unauthorized and successive. Resp't's Answer, ECF No. 4. Dorado has filed a Reply. Pet.'s Reply, ECF No. 6.

An evidentiary hearing is unnecessary. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*; Loc. R. 105.6 (D. Md. 2016); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (holding that Petitioner was not entitled to hearing under 28 U.S.C. § 2254(e)(2)). For reasons that follow, the petition for writ of habeas corpus IS DENIED AND DISMISSED.

---

[1] I take judicial notice of the state court docket on the Maryland Judiciary Case Search website, http://casesearch.courts.state.md.us/casesearch/inquiryByCaseNum.jis. *See* Fed. R. Evid. 201(b)(2).

## BACKGROUND

Dorado previously sought federal habeas relief premised on the same state conviction. *See Dorado v. Galley*, No. HAR-92-3569 (D. Md. 1993). In his earlier petition, Dorado claimed that: 1) he was "denied due process of law for the reason that he was denied the genuine and effective assistance of trial counsel"; 2) his "guilty plea was not knowingly, voluntarily, or intelligently made based on a clear lack of understanding"; 3) his "guilty plea and sentencing were invalid due the guilty plea hearing judge's actions"; 4) he "was denied his constitutional and statutory right to effective assistance of counsel for post conviction proceedings"; and 5) "there was insufficient evidence to sustain a conviction of attempt to perpetrate a robbery." Resp't's 1992 Answer, ECF No. 4-1, at 8–9[2]; *see also* Pet. 3, ECF No. 1. Respondents filed an Answer seeking denial of the Petition on its merits. *Id.*, ECF No. 4-1, at 4–18. On April 1, 1993, the Honorable John H. Hargrove dismissed the Petition "[f]or the reasons set forth in the Respondent's Answer . . . ." Order, ECF No. 4-1, at 3.

Dorado appealed the district court's Order dismissing the Petition. The United States Court of Appeals for the Fourth Circuit affirmed the dismissal for the reasons provided by the district court. *Dorado v. Galley, et al*, CA4 93-6566 (December 2, 1993) (per curiam); ECF No. 4-1, at 2.

---

[2] Respondents filed all of the material related to Dorado's petition before Judge Hargrove in one document. *See* ECF No. 4-1. Dorado also filed a Petition for Writ of Habeas Corpus on December 4, 1990 in Civil Action No. K-90-3130 (D. Md. 1991). The Honorable Frank Kaufman dismissed the Petition for Dorado's failure to exhaust his petition. *Id.* at 6; *see also* Pet. 1.

2

## DISCUSSION

Dorado summarily asserts his current petition is not successive. Pet.'s Reply 3, ECF No. 6. He alleges the district court Order that dismissed his § 2254 Petition was issued two days after Respondents filed their answer, and he was not given a chance to reply. *Id.* ¶¶ 3–4. Dorado observes that a memorandum opinion did not accompany the Order that dismissed his Petition, and appears to believe that the district court's dismissal was without reason. *Id.* Further, he questions the appellate court's ruling that based on the district court's reasoning, his appeal was without merit. *Id.* Dorado requests permission to proceed with his current Petition "due to procedural default and or any other reasons the Court deems acceptable" since he "did not have a fair and full review under the law in 1993." *Id.* ¶ 5.

### *Fed. R. Civ. P. 60(b)*

To the extent Dorado, a pro se petitioner, is asserting his 1992 federal habeas corpus process was deficient, his allegation raises as a threshold question whether his current Petition is successive or more appropriately treated as a Motion for Relief from a judgment under Fed. R. Civ. P. 60(b). Generally, "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." *United States v. Winestock*, 340 F.3d 200, 207 (4th. Cir. 2003); *see also Gonzalez v. Crosby*, 545 U.S. 524, 531–33 (2005) (concluding that a Rule 60(b) motion for relief from judgment that directly challenges the underlying conviction constitutes a successive § 2254 petition).

Rule 60(b) is an "extraordinary remedy" used only upon a "showing of exceptional circumstances." *Compton v. Alton Steamship Co., Inc.*, 608 F.2d 96, 102 (4th Cir. 1979)

(citation and internal quotation marks omitted). A movant must first show that he has moved in a timely fashion, that he has a meritorious defense to the judgment, that the opposing party would not be unfairly prejudiced by having the judgment set aside, and that exceptional circumstances exist. *See Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011); *Werner v. Carbo*, 731 F.2d 204, 206–07 (4th Cir. 1984) (citing *Compton*, 608 F.2d at 102). "Once the movant has made such a showing, he must proceed to satisfy one or more of [Rule 60(b)'s] six grounds for relief from judgment."[3] *Werner*, 731 F.2d at 207. The party moving for relief from judgment under Rule 60(b) "bears the burden of showing timeliness." *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 300 (4th Cir. 2017).

After Dorado's federal habeas petition was denied, he waited twenty-four years to file the present § 2254 petition. Dorado asserts that he has limited understanding of the law and has been requesting legal assistance since his first state post-conviction petition was filed and denied

---

[3] Rule 60(b) permits a court to correct orders and provide relief from judgment for:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

As a catch-all provision, Fed. Rule 60(b)(6) is the only provision that appears to be relevant here. Relief from judgment under Rule 60(b)(6) should be granted only upon a showing that relief is "appropriate to accomplish justice" in "situations involving extraordinary circumstances." *Dowell v. State Farm Fire Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (internal quotation marks and citation omitted).

4

in 1989. Pet. 3, 5; Pet.'s Reply 2. Dorado's numerous motions and correspondence filed in state court since 1992 vitiate this assertion. His state filings since 1992 include a motion for appropriate relief, a motion to amend, notices of appeal, a motion to appoint counsel, a petition for *coram nobis*, a petition for post-conviction relief, a motion for a panel attorney and request for a hearing, a motion for medication of sentence, motions to waive filing fees, and a 2016 petition for writ of certiorari. *See, e.g.*, State Ct. Docket Nos. 313, 315, 316, 326, 329, 331, 375; *see also* Pet. 2 (noting the 2017 denial of certiorari review). Thus, Dorado fails to show his claim was filed in a timely fashion. *See* Fed. R. Civ. P. 60(c); *Wells Fargo Bank, N.A.*, 859 F.3d at 300.

Further, Dorado claims the indictment did not charge him with a crime under Maryland Law. Pet. 3. Dorado does not claim, nor does the record show, that he raised this claim in state court.[4] "Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction—even claims couched in the language of a true Rule 60(b) motion—circumvents [the habeas statute's] requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." *Gonzalez*, 545 U.S. at 531 (2005) (citing 28 U.S.C. § 2244(b)(2)). Otherwise, Rule 60(b) could be used to "impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals." *Id.*

---

[4] Habeas relief is available under 28 U.S.C. § 2254 to "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Therefore, the Court does not reach the issue of whether Dorado's has stated a cognizable claim for federal habeas relief.

Dorado fails to satisfy the requirement that his motion be timely, and the record does not suggest exceptional circumstances to warrant the extraordinary relief provided under Rule 60(b). Thus, there are no grounds to award relief from judgment under Fed. R. Civ. P. 60(b).

*Successive Petition*

Pursuant to 28 U.S.C. § 2244, a petitioner may file a second or successive habeas corpus petition only after first obtaining a pre-filing order authorizing the district court to consider it. *See* 28 U.S.C. § 2244(b)(3); *Felker v. Turpin*, 83 F.3d 1303, 1305–07 (11th Cir. 1996). Dorado's Petition is successive, and therefore, this Court may not consider it unless the United States Court of Appeals for the Fourth Circuit has entered an order authorizing this Court to do so. *See* 28 U.S.C. § 2244(b)(3)(A); *see also In re Vial*, 115 F.3d 1192, 1197–98 (4th Cir. 1997).

There is no evidence that Dorado obtained the necessary authorization to file a successive petition. Consequently, the Petition must be denied and dismissed pursuant to 28 U.S.C. § 2244(b)(3).

## CERTIFICATE OF APPEALABILITY

When a district court dismisses a habeas petition solely on procedural grounds, as here, a Certificate of Appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). As Dorado has not made a substantial showing of the denial of his constitutional rights, a Certificate of Appealability shall not issue.

Denial of a Certificate of Appealability does not preclude Dorado from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission.

## CONCLUSION

For these reasons, the Petition IS DENIED and DISMISSED. A Certificate of Appealability shall not issue

3/30/18
Date

Paul W. Grimm
United States District Judge